

# NUMBER 13-26-00518-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ALEXUS NICOLE URESTI

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Silva and Cron
### Memorandum Opinion by Justice Silva[1]

By petition for writ of mandamus, relator Alexus Nicole Uresti asserts that the trial court abused its discretion by issuing temporary orders that: (1) fail to apply the constitutional and statutory fit-parent presumption in relator's favor; and (2) deprive relator of her right to the care, custody, and control of her minor child. Relator has also filed an

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

emergency motion for immediate temporary relief seeking to stay the trial court's June 4, 2026 order. *See* TEX. R. APP. P. 52.10(a).

"Mandamus is an 'extraordinary remedy' that is 'available only in limited circumstances.'" *In re Rogers*, 728 S.W.3d 717, 719 (Tex. 2026) (orig. proceeding) (per curiam) (quoting *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 580 (Tex. 2018)). "A writ of mandamus is available to correct a clear abuse of discretion for which there is no adequate remedy by appeal." *In re Lapuerta*, 732 S.W.3d 548, 555 (Tex. 2026) (orig. proceeding). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). However, "[a]ppellate courts may not substitute their judgment for the trial court's determination of factual matters committed to the trial court's discretion." *In re Shipman*, 540 S.W.3d 562, 565 (Tex. 2018) (orig. proceeding) (per curiam). Further, appellate courts "may not resolve disputed factual matters in a mandamus proceeding." *In re Kay*, 715 S.W.3d 747, 751 (Tex. 2025) (orig. proceeding) (per curiam); *see In re Rogers*, 728 S.W.3d at 719. We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam). Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for review. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam); *In re K.B.*, 683 S.W.3d 850, 855 (Tex. App.—Austin 2024, orig. proceeding); *In re D.D.*, 661 S.W.3d 608, 617 (Tex. App.—El Paso 2023, orig. proceeding); *In re Walser*, 648 S.W.3d 442, 445 (Tex. App.—San Antonio 2021, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and the emergency motion for immediate temporary relief.

CLARISSA SILVA
Justice

Delivered and filed on the
7th day of July, 2026.